USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-10-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERIK MALENO CRISPIN,                              :
                        Plaintiff,                :
                                                  :
v.                                                :
                                                  :
WESTCHESTER COUNTY; ARAMARK                       :
CORRECTIONAL SERVICES, LLC; JOSEPH                :        **OPINION AND ORDER**
K. SPANO, Commissioner; MANUEL                    :
MENDOZA, Food Services Director; DONNA            :        18 CV 7561 (VB)
BLACKMAN, Aramark Director; DARNELL               :
FLAX, Food Services Manager; FRANCIS              :
DELGROSSO, Assistant Warden; MIDDLETON,           :
Assistant Warden; and GRAIG BOISSY, Food          :
Services Line Supervisor,                         :
                        Defendants.               :
------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Erik Maleno Crispin, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983 against defendants (i) Westchester County, Joseph K. Spano, Francis

Delgrosso, and Middleton (the "County Defendants"), and (ii) Aramark Correctional Services,

LLC ("Aramark"), Manuel Mendoza, Donna Blackman, Darnell Flax, and Graig Boissy (the

"Aramark Defendants").[1] Plaintiff alleges defendants intentionally or recklessly served him

nutritionally inadequate food in violation of the Fourteenth Amendment.

    Now pending is the Aramark Defendants' motion to dismiss the complaint pursuant to

Rule 12(b)(6). (Doc. #15).[2]

---

[1]    Plaintiff sued Westchester County as "Weschester County" and Graig Boissy as "Craig
Boissy."

[2]    The Aramark Defendants filed a declaration in support of their motion to dismiss and
move in the alternative for summary judgment. The Aramark Defendants provide no basis for
their offhand request to convert the motion to one for summary judgment. Nor is there any
indication they complied with SDNY Local Civil Rule 12.1, which requires notice to pro se
litigants when a motion refers to matters outside the pleadings. Nonetheless, as the Court

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file an amended complaint as to his Fourteenth Amendment conditions of confinement claim, in accordance with the instructions below.[3]

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below. Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss. See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).[4]

Plaintiff, a pretrial detainee at Westchester County Jail ("WCJ"), alleges upon arriving at WCJ on January 10, 2018, through filing his complaint on August 14, 2018, he was served undercooked food. Further, on at least twenty occasions, his meal trays allegedly contained raw and bloody meat, mold, or plastic chips that peeled from the trays and got into the food. Plaintiff also alleges he was served "old, brown and soggy" salad and juice containers "covered in mold," and that his meal trays always contained leftover food. (Doc. #2 ("Compl.") at 6).[5]

---

dismisses all of plaintiff's claims, the Court will not convert the instant motion to a motion for summary judgment.

[3]   The County Defendants did not move to dismiss or otherwise respond to the complaint. Nevertheless, for the reasons stated in this Opinion and Order, all claims against the County Defendants must also be dismissed. See 28 U.S.C. § 1915(e) (in in forma pauperis proceedings, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

[4]   Because plaintiff is proceeding pro se, he will be provided copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[5]   "Compl. at __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

Plaintiff alleges around February 2018, defendants Mendoza, Blackman, Flax, and Boissy served him chili and beans that caused him to become sick and require medical treatment.[6] Around the same time, plaintiff claims he attempted to file a grievance with a sergeant regarding the spoiled food, moldy trays, and resultant illness, but the sergeant "refused to accept" the grievance because another inmate had already grieved the same issue. (Compl. at 6). Plaintiff also allegedly attempted to file a grievance in July 2018 regarding spoiled and moldy food—and a beetle he found on his meal tray. However, a sergeant told plaintiff he would not accept the grievance, and plaintiff would have to mail the grievance to Aramark.

Nonetheless, plaintiff alleges defendants Blackman, Delgrosso, Middleton, Spano, and Mendoza are aware that inmate workers are not being properly supervised when preparing inmate meals. According to plaintiff, those defendants are aware of plaintiff's allegations regarding the food at WCJ because (i) they investigate and answer food-related grievances, (ii) they have daily meetings to discuss grievances and food-related lawsuits, and (iii) inmates have complained about the food for years.

Finally, plaintiff alleges he has suffered from nausea, diarrhea, dehydration, "debilitating" headaches, weight loss, hunger pangs, and fatigue as a result of the inadequate food. (Compl. at 7).

## DISCUSSION

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of

---

[6]     Throughout his complaint, plaintiff refers to defendants by the numbers he used in listing them as defendants. (See Compl. at 3–5).

the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

## II. Conditions of Confinement Claim

Plaintiff fails to state a claim for deliberate indifference to his conditions of confinement against any of the individual defendants.

Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, because "[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (alterations in original) (quoting Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007), rev'd on other grounds sub nom. Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

To state a deliberate indifference claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Darnell v. Pineiro, 849 F.3d at 29. Namely, plaintiff must plausibly allege "that the challenged conditions were sufficiently serious," and that defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To plead the objective prong, a pretrial detainee must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

As relevant here, the Constitution "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam) (internal quotation omitted). Further, "[c]ourts have held that allegations that a prisoner was served food contaminated or tainted by foreign objects . . . are

sufficient to plead a constitutional violation." Ballard v. Lane, 2019 WL 1129158, at *2

(S.D.N.Y. Mar. 12, 2019) (internal quotation and alterations omitted) (collecting cases).

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the

defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to

mitigate the risk that the condition posed . . . even though the defendant-official knew, or should

have known," of the risk. Darnell v. Pineiro, 849 F.3d at 35. The Fourteenth Amendment's

mens rea prong "is defined objectively" and "can be violated when an official does not have

subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to

a substantial risk of harm." Id.

Here, plaintiff's allegations satisfy the objective prong.[7] First, plaintiff alleges that on at

least twenty occasions, his meal tray contained raw and bloody meat—food that is nutritionally

inadequate, to say the least. Indeed, plaintiff alleges he was once served chili and beans that

made him sick and require medical treatment. Second, plaintiff alleges he was served food

contaminated with mold and tainted with plastic chips. And third, plaintiff alleges he has

suffered from nausea, diarrhea, dehydration, debilitating headaches, weight loss, hunger pangs,

and fatigue as a result of such food.

However, plaintiff fails to satisfy the mens rea prong because plaintiff has not alleged

sufficiently that any defendant acted with deliberate indifference to the conditions discussed

---

[7] This is not the first time this Court has held a plaintiff satisfied the objective standard of a conditions of confinement claim based on allegations concerning the food served at WCJ. See Hanner v. Westchester County, 2019 WL 1299462, at *7 (S.D.N.Y. May 21, 2019) (holding plaintiff's allegations that she was served food not in conformity with her medically-prescribed diet, containing foreign objects, and in unsanitary conditions satisfied the objective prong). Indeed, numerous lawsuits arising from the allegedly horrendous state of WCJ's food service have been filed in this Court. E.g., Mateo v. Westchester County et al., No. 18 Civ. 3499 (S.D.N.Y.) (Román, J.); Gomez v. Westchester County et al., No. 18 Civ. 244 (S.D.N.Y.) (Román, J.).

above. Plaintiff's only specific allegation as to any of the defendants is that on one occasion in February 2018, defendants Mendoza, Blackman, Flax, and Boissy served plaintiff chili and beans that caused him and several other inmates to become sick. But plaintiff fails to allege any facts suggesting those defendants knew or should have known that the chili and beans would cause the inmates to get sick. Without more, this lone allegation is too conclusory to satisfy the mens rea prong.

Plaintiff also states in his affidavit in opposition to the motion to dismiss, "Defendants: Mendoza, Graig, and Blackman participated directly in my food preparation." (Doc. #22 ("Pl. Aff.") at 2). That allegation is also clearly conclusory and therefore insufficient.

Plaintiff's remaining allegations amount to the assertion that defendants Blackman, Delgrosso, Middleton, Spano, and Mendoza are aware or should be aware, through their positions at WCJ, that the food served to inmates at WCJ involves the kind of problems identified in plaintiff's complaint. Such general allegations do not satisfy the mens rea prong. And because there is no underlying constitutional violation, there is also no supervisory liability against any of the defendants. See Raspardo v. Carlone, 770 F.3d 97, 129 (2d Cir. 2014).

Accordingly, plaintiff's Fourteenth Amendment conditions of confinement claim against the individual defendants is dismissed.

III.    Monell Claims

As plaintiff has not adequately pleaded an underlying violation of his constitutional rights, his Monell claims against Westchester County and Aramark are dismissed. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address Monell claim after finding no underlying constitutional violation).

## IV. Refusal of Grievances

Plaintiff alleges he attempted to file two grievances with two different sergeants, but both sergeants refused them. Plaintiff does not assert claims against those sergeants.

Moreover, even if plaintiff did assert those claims, they would not be cognizable. To state a claim for denial of access to the courts, "a plaintiff must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation, citation, and alteration omitted). But any claim that plaintiff was deprived of his right to petition the government for redress is belied by the fact of his bringing this lawsuit. See Harris v. Westchester Cty. Dep't of Corr., 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008) ("[I]n the event that prison officials ignore a grievance that raises constitutional claims, the proper avenue to seek relief is the course taken by plaintiff here: directly petitioning the government for redress of his claims.") (collecting cases).

## V. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

Here, because a liberal reading of plaintiff's complaint indicates a valid Fourteenth Amendment claim might be stated, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead his

Fourteenth Amendment conditions of confinement claim, to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.  give the dates and times of each incident in which plaintiff was served the food described in his complaint;

2.  describe how each defendant was involved in serving plaintiff such food—for example, whether the defendant personally served him that food, was present when plaintiff was served such food, or otherwise knew plaintiff was served the food;

3.  describe how each defendant knew or should have known the food served to plaintiff was inadequate;

4.  state which, if any, defendants plaintiff informed of the problems with his food on each such occasion, how the defendants responded to his complaints, and how the defendants' responses or lack thereof contributed to his injury;

5.  include any details why plaintiff believes Aramark, Westchester County, or any of their employees gave him such food or failed to remedy his complaints; and

6.  include any facts regarding the existence of an official Aramark or Westchester County policy or custom that caused the deprivation of a constitutional right.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary

9

for his claims.  However, plaintiff is directed to include in his amended complaint <u>only</u> those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED.  However, plaintiff is granted leave to file an amended complaint as to his Fourteenth Amendment conditions of confinement claim, in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than July 10, 2019, and shall utilize the amended complaint form attached hereto.  If plaintiff fails to do so, the Court may deem plaintiff to have abandoned his case and may dismiss the case for failure to prosecute or failure to comply with a Court order.  Fed. R. Civ. P. 41(b).

The Clerk is instructed to terminate the motion.  (Doc. # 15).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Dated: June 7, 2019
     White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. _____
(To be filled out by Clerk's Office)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 2:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 3:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 4:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| _____ | _____ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| _____ | _____ | _____ |
| First Name | Middle Initial | Last Name |

| |
|---|
| _____ |
| Prison Address |

| | | |
|---|---|---|
| _____ | _____ | _____ |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:  _____